IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FAIRHOPE PIGGLY WIGGLY, INC.,      )
and TOMMY CAIN,[1]                 )
    Plaintiffs,              )
                                   )
v.                                 )        CIVIL ACTION: 17-00031-KD-N
                                   )
PS 2 LED, INC., d/b/a PINNACLE LED )
SOLUTIONS, LLC,                    )
    Defendant.               )

## ORDER

This matter is before the Court on Defendant "PS 2 LED, Inc., d/b/a Pinnacle LED Solutions, LLC"'s motion to compel arbitration and stay judicial proceedings (Doc. 5), Plaintiffs' response (Doc. 8) and said defendant's Reply (Doc. 9).   However, at the outset, a *sua sponte* review of the Court's jurisdiction is merited.[2]

## I.     Background

The case concerns a dispute regarding an LED lighting project at the Fairhope Piggly Wiggly grocery store.   Specifically, on December 15, 2016, Plaintiffs "Tommy Cain" (Cain) and "Fairhope Piggly Wiggly, Inc." (Fairhope Piggly Wiggly) filed a complaint against Defendant "PS 2 LED, Inc., d/b/a Pinnacle LED Solutions, LLC" in the Circuit Court of Baldwin

---

1 Plaintiff "Tommy Cain" filed the state court action as "Thomas Eugene Cain" per the Complaint. (Doc. 1-1 at 1).

2 "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir.2001). "Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." Russell Corp. v. American Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001). See also Allen v. Christenberry, 327 F.3d 1290, 1293 (11th Cir. 2003) (same); University of South Ala. v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (same). See also Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted) ("[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute…which is not to be expanded by judicial decree[]").

County, Alabama -- *Fairhope Piggly Wiggly-Inc., et al v. PS 2 LED, Inc., d/b/a Pinnacle LED Solutions, LLC* (Case No. 05-CV-2016-901424.00) – asserting: 1) declaratory judgment (i.e., to declare Plaintiffs are not bound by arbitration); 2) breach of contract; 3) fraud in the inducement; 4) fraudulent intentional misrepresentation of material facts; and 5) fraudulent suppression of material facts.[3]   (Doc. 1-1).   Defendant "PS 2 LED, Inc., d/b/a Pinnacle LED Solutions, LLC" was served on December 21, 2016.   (Doc. 1).   On January 17, 2017, Defendant "PS 2 LED, Inc., d/b/a Pinnacle LED Solutions, LLC", timely removed Plaintiffs' case to this Court.

## II.      Discussion

Defendant "PS 2 LED, Inc., d/b/a Pinnacle LED Solutions, LLC"'s Notice of Removal (Notice) premises removal on the basis of federal diversity subject matter jurisdiction per 28 U.S.C.§ 1332(a) and 28 U.S.C. § 1441, alleging: 1) complete diversity of citizenship; and 2) that the amount in controversy exceeds $75,000 as the entire contract between the parties "is valued at over $200,000."[4]   Upon review of the record, it is unclear whether federal jurisdiction exists.[5]

---

3 Essentially that Defendant: 1) failed to adjust the project costs to reflect the actual number of fixtures/lamps installed; 2) intentionally misrepresented material facts it had a duty to disclose because they did not disclose that a reduction in the amount of fixtures and lights required to complete the project would not result in a lower overall cost to Plaintiffs and they did not disclose that the utility costs savings it represented Plaintiffs would enjoy "as a result of installing the fixtures and LED lights would not materialize as promised."   (Doc. 1-1).

4 Per 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a)(1) .

5 The removing Defendant must bear "the burden of demonstrating federal jurisdiction."   Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 at n. 4 (11th Cir. 1998).   See also McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) ("[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction[]").   Stated differently, because federal courts are courts of limited jurisdiction "[i]t is...presumed that a cause lies outside this limited jurisdiction…and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]"   Kokkonen, 511 U.S. at 377 (internal citations omitted). Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996) ("[W]e hold where a plaintiff has made an unspecified demand for damages in state court, a removing Defendants must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $[75,000] jurisdictional requirement[]"), *abrogated on other grounds by* Cohen v. Office Depot, Inc., 204 F.3d 1069 (11[th] Cir. 2000).   See also Roe v. Michelin North America, Inc., 613 F.3d 1058, 1061 (11[th] Cir. 2010) ("If a

A.      **Diversity of Citizenship**

Despite Defendant "PS 2 LED, Inc., d/b/a Pinnacle LED Solutions, LLC"'s allegations, it is unclear whether the parties are completely diverse.   As alleged: 1) Plaintiff Cain is the President and director of several Piggly Wiggly retail grocery stores including the Fairhope Piggly Wiggly, and is an Alabama resident.   (Doc. 1 at 3; Doc. 1-1 at 2).   Plaintiff Fairhope Piggly Wiggly is an Alabama corporation with its principal place of business in Fairhope, Alabama.[6]   (Id.)   Thus, it appears that Plaintiffs are citizens of Alabama.

As to the citizenship of the defendant, it is questionable as to precisely who the defendant is and/or whether there are two.    In this case, the Defendant is identified *in the singular* as "PS 2 LED, Inc., d/b/a Pinnacle LED Solutions, LLC."   "PSD 2 LED, Inc." is a full-service LED lighting provider and a Texas corporation with its principal place of business in Dallas, Texas. (Doc. 1 at 4; Doc. 1-1 at 2).   "PSD 2 LED, Inc." is registered as a foreign corporation doing business in the State of Alabama and has been since April 10, 2015, with a registered office street and mailing address in Montgomery, Alabama.[7]

However, it is questionable whether the "d/b/a Pinnacle LED Solutions, LLC" is the d/b/a for "PSD 2 LED, Inc.," or is another defendant.   This is because "Pinnacle LED Solutions, LLC" is *also* registered to do business in the State of Alabama -- as a foreign LLC -- with its

plaintiff makes 'an unspecified demand for damages in state court, a removing Defendants must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the...jurisdictional requirement[]'"); Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003) (internal citations omitted) ("where jurisdiction is based on a claim for indeterminate damages...the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum[]").

6  However, Plaintiff Fairhope Piggly Wiggly has not filed the requisite corporate disclosure statement.

7  Alabama Secretary of State Business Entity Records (last visited 3/14/17)
http://arc-sos.state.al.us/cgi/corpdetail.mbr/detail?corp=332004&page=name&file=&type=ALL&status=ALL&place=ALL&city=

registered office street and mailing address in Dothan, Alabama.[8]   This stands in contradiction to what "d/b/a" normally signals; an assumed or fictitious name associated with a corporate entity that does not create a separate legal entity distinct from with which it is associated (*e.g.*, the name an entity is commonly known as).

The confusion warrants further explanation from the defendant. If "Pinnacle LED Solutions, LLC" is a proper defendant, then such must be corrected (and information as to any unincorporated entity (LLC, LP etc.) and its membership must be provided).[9]

### B.      Amount in Controversy

The Court is also not satisfied that Defendant has established the amount in controversy required for removal to this Court.   Specifically, per the state court Complaint, Plaintiffs take issue with $11,800.77 – the remaining balance on the lighting contract with Defendant, not the entire contract itself.   Indeed, Plaintiffs allege only that the amount in controversy exceeds the minimum state jurisdiction limits – i.e., exceeds $10,000.[10]   As to damages, Plaintiffs allege:

---

8  Alabama Secretary of State Business Entity Records (last visited 3/14/17)
http://arc-sos.state.al.us/cgi/corpdetail.mbr/detail?corp=371742&page=name&file=&type=ALL&status=ALL&place=ALL&city=

9  For purposes of determining diversity of citizenship "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens, MHP, L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020, 1022-1023 (11th Cir. 2004).   See also Mallory & Evans Contractors & Engineers, LLC v. Tuskegee Univ., 663 F.3d 1304, 1305 (11th Cir. 2011); Business Asia Consultants, Inc. v. Thermasolutions, LLC, 2008 WL 1766888, *1-2 (S.D. Fla. Apr. 14, 2008); Whiddon Farms, Inc. v. Delta and Pine Land Co., 103 F. Supp. 2d 1310, 1311-1313 (S.D. Ala. 2000).   Additionally, if one or more of the members of this LLC should happen to be another limited liability corporation, the Defendant LLC must disclose the membership of that limited liability corporation as well.   Such obligation to disclose continues until the Defendant LLC has disclosed each of the individual(s) and/or corporation(s) that are members and any constituent limited liability corporation members.   The same holds true for a limited partnership.

10  Ala. Code § 12-11-30(1): "The circuit court shall have exclusive original jurisdiction of all civil actions in which the matter in controversy exceeds ten thousand dollars ($10,000), exclusive of interest and costs, and shall exercise original jurisdiction concurrent with the district court in all civil actions in which the matter in controversy exceeds six thousand dollars ($6,000), exclusive of interest and costs."

1) Defendant's representation that the new lighting "would result in reduced utility costs" to Piggly Wiggly "in a range of 11% to 12%[;]"
2) Defendant significantly overestimated the number of fixtures and lights required and instead of reducing the project price when the number was less, raised the labor costs "thereby keeping the price the same[;]"
3) "Defendant has since claimed" there was an agreement "to install additional lighting at added cost of $4,661.50" and that Plaintiffs owe $11,800.77;
4) lost profits
5) lost business value
6) voiding of the contract due to fraud in the inducement
7) actual damages, general damages, punitive damages, legal expenses/fees, and such other damages as allowed by the State of Alabama, plus interest and costs.

(Doc. 1-1).   Thus, beyond the $11,800.77, Plaintiffs' damages are unspecified.

Defendant's Notice does not provide any insight.   Defendant's Notice does not include specific estimates or valuations for any of the damages Plaintiffs claim (compensatory, legal expenses/fees, mental anguish/emotional distress, punitive), nor does it provide such for either the referenced "11% to 12%" in energy savings or lost profits/business value.   Instead, Defendant summarily states: "[g]iven the allegations and relief sought….the amount that Plaintiffs have put in controversy undoubtedly exceeds $75,000."

In so doing, Defendant emphasizes that because Plaintiffs have alleged claims that are rooted the existence of the contract, and the contract "is valued at over $200,000[,]"the jurisdictional threshold is necessarily met.   (Doc. 1 at 5-6).   This ignores that – *as alleged* -- Plaintiffs appear to *only* take issue with $11,800.77 of that contract, not the entirety of same.[11]

Additionally, Defendant asserts that because one of Plaintiffs' claims is for equitable relief – to void the contract – the jurisdictional threshold is automatically satisfied because the contract's entire value is thus considered for the amount in controversy.   Defendant claims

---

11 Indeed, Plaintiffs have not alleged nor have they requested repayment of the sum they have *already* paid under the contract -- $136,231.02.

Plaintiffs' request to void the contract "is sufficient by itself." (Doc. 1 at 7-8). In support, Defendant cites two (2) cases[12] in which *rescission* of a contract was addressed. (Id. at 5-6). Plaintiffs do not allege rescission. Rather, in one count Plaintiffs allege fraud in the inducement and as relief seek to have the contract *voided*. As alleged, it is unclear whether Plaintiffs seek to void that portion of the contract linked to the $11,800.77 outstanding balance, or the entire contract. As such, the undersigned cannot discern whether Plaintiffs' "void" request "is sufficient by itself" to satisfy the amount in controversy.[13]

Moreover, Defendant asserts that Plaintiffs' punitive damages request must be considered and that with same the amount in controversy is met. Providing no explanation, Defendant merely references a case in which the punitive damages were calculated as double the compensatory damages. (Doc. 1 at 6-7). Further, Defendant assert that Plaintiffs' request for lost profits or lost business value in connection with their fraud claims automatically establishes the amount in controversy (without providing any valuations for same). (Doc. 1 at 7).

Finally, Defendant's reliance on Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 553-554 (2014) (Doc. 1 at 4) is misplaced. As explained in Dudley v. Eli Lilly and Co., 778 F.3d 909, 912 (11th Cir. 2014) (emphasis added), a CAFA case, *Dart* addressed the jurisdictional requirements *for CAFA cases* and the interpretation of removal statutes *within that*

---

12 Citing PTA-FLA, Inc. v. ZTE USA, Inc., 2016 WL 7240137, *2 (11th Cir. Dec. 15, 2016); Rosen v. Chrysler Corp., 205 F.3d 918, 921 (6th Cir. 2000).

13 And to date, the Court has been unable to find any helpful binding precedent on this issue. That said, there appears to be a significant distinction between rescission and voiding, with regards to tallying the amount in controversy. *Compare* Alsbrooks v. Fairbanks Capital Corp., 2003 WL 21321735, *4 (E.D. Pa. June 10, 2003) (the amount in controversy for equitable relief is measured by "the value of the object of the litigation" from the plaintiff's viewpoint) (quoting Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977)), *with* Rosen v. Chrysler Corp., 205 F.3d 918, 921 (6th Cir. 2000) (the amount in controversy where a plaintiff seeks to rescind the contract is the contract's entire value).

*specific context* when evaluating remand:

> ...the Supreme Court decided *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. ____, 135 S.Ct. 547...which shed additional light on the jurisdictional requirements found in CAFA. Prior to Dart, this Court had presumed that in enacting CAFA, Congress had not intended to deviate from "established principles of state and federal common law," Miedema, 450 F.3d at 1328–29 (quoting *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 900 (11th Cir. 2003)), which included "construing removal statutes strictly and resolving doubts in favor of remand," *id*. at 1328. In *Dart*, however, the Supreme Court made clear that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." 135 S.Ct. at 554, 2014 WL 7010692, at *6, slip op. at 912-13....*Dart* also shed light on the necessary contents of a CAFA defendant's notice of removal.

In contrast, doubts concerning removal of *non-CAFA cases* should still be resolved in favor of remand (*i.e*., there remains an anti-removal presumption for non-CAFA cases). See, e.g., Dudley, 778 F.3d at 912; Komstadius v. Unitedhealth Group, Inc., 2016 WL 3253894, *3 (S.D. Ga. Apr. 29, 2016); Graiser v. Visionworks of Am., Inc., 819 F.3d 277, 283 (6th Cir. 2016); Portillo v. National Freight, Inc., 2016 WL 1029854, *8 at n. 9 (D.N.J. Mar. 15, 2016); McNamee v. Knudsen & Sons, Inc., 2016 WL 827942, *3 (E.D. Mo. Mar. 3, 2016); The Bank of N.Y. Mellon v. ACR Energy Partners, LLC, 543 B.R. 158, 163 (D.N.J. 2015); Rodriguez v. Swissport USA, Inc., 2015 WL 4977187, *2 (C.D. Cal. Aug. 20, 2015).   And even in a court in this Circuit in which Dart was applied to a non-CAFA case, the court found that the removing party still bears the burden of proof and a defendant will fail to satisfy that burden if it relies on nothing more than the bare allegations of a plaintiff's complaint. Crocker v. Lifesouth Commty. Blood Ctrs., Inc., 2016 WL 740296, *3-4 (S.D. Ala. Feb. 23, 2016).

In great part, Defendant merely lists categories of damages to assert that the amount in controversy is satisfied.   This is insufficient.   See, e.g., Roe v. Michelin North America, Inc., 613 F.3d 1058, 1061 (11th Cir. 2010); Collinsworth v. Big Dog Treestand, Inc., 2016 WL

3620775 (S.D. Ala. Jun. 29, 2016).

### III.    Conclusion

As such, the parties are **ORDERED** to, on or before **March 21, 2017**: 1) file any motions to correct the record and clarify whether Pinnacle Solutions, LLC is a legal entity and a party to this case; and 2) separately file Corporate Disclosure Statements (as applicable) that comply with S.D.Ala. Local Civil Rule 7.1 (including for any unincorporated entity (LLC, LP, etc.), supplying the necessary information as to complete membership as noted herein[14]).

It is further **ORDERED** that the Defendant shall **SHOW CAUSE** on or before **March 28, 2017** as to why this case should not be remanded, *sua sponte*, to the Circuit Court of Baldwin County, Alabama for failure to meet its burden to establish the required amount in controversy.

**DONE** and **ORDERED** this the **14**<sup>th</sup> day of **March 2017.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

14  Rolling Greens, 374 F.3d at 1021-1023.