IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| FAIRHOPE PIGGLY WIGGLY-INC., and THOMAS EUGENE CAIN, Plaintiffs, | ) ) ) ) | |
| v. | ) ) | CIVIL ACTION: 17-00031-KD-N |
| PS 2 LED, INC., a Texas corporation, and PINNACLE LED SOLUTIONS, LLC, Defendants. | ) ) ) | |

**ORDER**

This matter is before the Court on Plaintiffs' First Amended Complaint (Doc. 22); Defendants' motion to compel arbitration (Doc. 5), Plaintiffs' response (Doc. 8) and Defendants' Reply (Doc. 9); and related responses to Court Orders (Docs. 13-15, 18, 20, 21).

Specifically, this case concerns a dispute regarding an LED lighting project at Plaintiffs' Fairhope grocery store.[1] (Doc. 22). That dispute, however, is secondary to the dispute over whether the parties are contractually bound to resolve their dispute in arbitration -- the basis for Plaintiffs' declaratory judgment claim (First Cause of Action). (Doc. 22 at 4 at ¶¶20-24).

In November 2015, Plaintiff Thomas Eugene Cain (Cain),[2] on behalf of "Piggly Wiggly Spanish Fort, Inc." (Spanish Fort Piggly Wiggly), contracted with "Pinnacle Solutions"[3] to purchase and install LED lighting fixtures at its retail grocery store in Spanish Fort, Alabama via the "Turnkey Agreement for Piggly Wiggly Spanish Fort" (the November 2015 contract).

---

[1] For Plaintiffs, this is about whether $11,800.77 is still owed for the purchase and installation of 10 additional "vapor lock" LED lighting fixtures at a cost of $4,661.50 at the Fairhope Piggly Wiggly.

[2] Cain is the President and sole director of several Piggly Wiggly retail grocery stores including Piggly Wiggly Spanish Fort, Inc. and Piggly Wiggly – Fairhope, Inc.

[3] The contract's letterhead reads "Pinnacle LED Solutions."

1

(Doc. 5-1 at 2-14). The November 2015 contract chooses the law of the State of Texas, provides for arbitration, defines the buyer as "Piggly Wiggly Spanish Fort, Inc.," defines what an "Order" means, and provides for "additional worksites." (Doc. 5-1 at ¶2.5, 2.10, 5.2, 10.1).

On March 24, 2016, Plaintiff Cain executed a Letter of Intent/Acceptance Agreement (March 2016 contract) on behalf of "Cain's Grocery" authorizing "Pinnacle Solutions" to purchase and install LED lights for the Fairhope Alabama Piggly Wiggly grocery store (Fairhope Piggly Wiggly).[4] (Doc. 5-1 at 16). On August 17, 2016, Pinnacle Solutions issued a final invoice (the 2016 Invoice) to Plaintiffs, and Plaintiff Cain paid $136,231.02, leaving a balance of $11,800.77. (Doc. 5-1 at 25). The 2016 Invoice incorporates Pinnacle's Purchase Agreement (which chooses the law of the State of Texas and provides for arbitration). (Doc. 5-1 at 22-23).

On November 22, 2016, Defendant PS2 LED, Inc. filed an arbitration demand against Plaintiff Fairhope Piggly Wiggly before the American Arbitration Association (AAA) for breach of contract and unjust enrichment. An arbitrator was appointed and the parties were scheduled to have a preliminary hearing conference with the arbitrator, but Plaintiffs disputed the matter is subject to arbitration and raised an objection to the proceeding.

On December 15, 2016, Plaintiffs filed a five (5) count complaint against "Defendant PS2 LED, Inc. d/b/a Pinnacle LED Solutions, LLC" in Baldwin County Circuit Court, Alabama (05-CV-2016-901424.00), seeking declaratory and equitable relief and damages for breach of contract and fraud stemming from its performance with regard to the Fairhope Piggly Wiggly 2016 contract. Said defendant removed the case to this Court on January 17, 2017, and thereafter filed the present motion to compel arbitration. (Docs. 1, 5). On March 21, 2017, Plaintiffs filed an amended complaint – specifying two (2) separate defendants PS2 LED, Inc.

---

[4] This Agreement was executed between "Pinnacle Solutions" and "Cain's Grocery."

and Pinnacle LED Solutions, LLC – requesting a declaratory judgment on the issue of arbitration, and alleging breach of contract, fraud in the inducement, fraudulent intentional misrepresentation of material facts and fraudulent suppression of material facts. (Docs. 17, 22). No objections to the amended complaint were filed such that it is the operative complaint. (Doc. 22).

The *Federal Arbitration Act* ("FAA"), 9 U.S.C.A. § 1 *et seq.,* expresses the strong national preference for arbitration of disputes, and must be enforced whenever possible. Green Tree-Financial Corp. of Ala. v. Randolph, 531 U.S. 79 (2000)). A motion to compel arbitration is assessed by determining: 1) whether the parties agreed to arbitrate (i.e, whether there is a valid agreement to arbitrate between the parties and whether the dispute falls within the scope of that agreement); and 2) whether any legal constraints foreclose arbitration of the claims. Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 and 628 (1985). However, "[i]f the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. If no jury trial be demanded by the party alleged to be in default...the court shall hear and determine such issue. Where such an issue is raised, the party alleged to be in default may... demand a jury trial of such issue...." 9 U.S.C. § 4. See, e.g., Magnolia Capital Advisors, Inc. v. Bear Stearns & Co., 272 Fed. Appx. 782, 785-786 (11th Cir. 2008) ("a district court's order to arbitrate a contested agreement without benefit of trial is 'in effect a summary disposition of the issue of whether or not there ha[s] been a meeting of the minds on the agreement to arbitrate,' .....'[o]nly when there is no genuine issue of fact concerning the formation of the agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement[]'"); Prescott v.

3

Northlake Christian Sch., 141 Fed. Appx. 263, 268-269 (5th Cir. 2005) (a jury trial may be used to resolve factual issues surrounding the making of an arbitration agreement and applies in proceedings to compel arbitration); Duge v. Sears, Roebuck, 2016 WL 5376233, *7 (W.D. Tex. Sept. 26, 2016) ("the Court reiterates that the relevant question here is whether Plaintiff agreed to arbitrate his claims against Defendant…..Facts put forward by Plaintiff, including that Plaintiff denied that there was an arbitration agreement….weigh in favor of Plaintiff. Weighing this competing evidence, however, is to be left for trial. *See* 9 U.S.C. § 4[]"). *Cf.* Bazemore v. Jefferson Captial Sys., LLC, 827 F.3d 1325, 1334 (11th Cir. 2016) (when a "defendant offered no competent evidence to demonstrate the existence of a genuine issue of material fact concerning the existence of an arbitration agreement, its motion to compel arbitration must be denied as a matter of law without the need for a trial[]").[5]

In this case, there exist material factual disputes on whether the parties at issue agreed to arbitrate disputes arising from the installation of LED lighting in the Piggly Wiggly Fairhope. Namely, the intentions of the parties are in dispute (including but not limited to, *e.g.*, whether the Fairhope Piggly Wiggly lighting project was anticipated as an "additional worksite" per the November 2015 Spanish Fort contract), and must be determined by a factfinder, not as a matter of law.

---

5 See also e.g., Wheat, First Secs., Inc. v. Green, 993 F.2d 814, 817-818 (11th Cir. 1993) (the district court had a "responsibility" to order a trial concerning the existence of an arbitration agreement where the plaintiff's denial was "colorable"); Walker v. Magic Burger, LLC, 2015 WL 500909, *2 (M.D. Fla. Feb. 5, 2015) ("[g]iven the evidentiary record presented, the Court is not 'satisfied that the making of the agreement for arbitration' is established….the Court must 'proceed summarily' to a jury trial to determine whether an agreement to arbitrate exists, and if so, the terms of such agreement[]"); Lona v. Performance Tech., LLC, 2015 WL 5125848, *4 (W.D. Tex. Sept. 1, 2015) ("The parties dispute whether or not Plaintiff accepted and agreed to the terms….resulting in a genuine fact issue regarding the validity of the arbitration agreement between the parties. Such fact issue precludes this Court from determining as a matter of law whether the …[agreement]… is valid and enforceable[--]" directing trial on the matter); Williams v. MetroPCS Wireless, Inc., 2010 WL 62605, *10 (S.D. Fla. Jan. 5, 2010) (ordering a jury trial where "a genuine issue of material fact" existed concerning contract formation).

Accordingly, it is **ORDERED** that Defendants' motion to compel arbitration (Doc. 5) is **DENIED at this time.** It is further **ORDERED** that because there is a genuine dispute of material fact over the existence of an agreement to arbitrate among the parties, trial on this issue is warranted pursuant to 9 U.S.C. § 4, with the following schedule:

1. **PRETRIAL CONFERENCE.**
   This case is set for a **Pretrial Conference** on Plaintiffs' declaratory judgment claim ("First Cause of Action: Complaint for Declaratory Judgment") on **June 6, 2017** at **11:00 a.m.** in the Chambers of the undersigned.

2. **TRIAL.**
   This this case is set for a **non-jury trial** on Plaintiffs' declaratory judgment claim ("First Cause of Action: Complaint for Declaratory Judgment") from **June 27-28, 2017,** unless the parties demand a jury trial before May 15, 2017, in which case the jury selection will be **June 27, 2017** with trial to start immediately thereafter.

3. **PRETRIAL DISCLOSURES.**
   The disclosure of information regarding the evidence that each party may present at trial as required by Fed.R.Civ.P. 26(a)(3) is to be made on or before **May 23, 2017**.

Upon resolution of the trial on Plaintiffs' "First Cause of Action: Complaint for Declaratory Judgment," a revised Scheduling Order shall issue, as needed.

**DONE** and **ORDERED** this the **10th** day of **May 2017.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**